The Honorable Thomas S. Zilly



**13-CV-00040-BCST**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JEANETTE WALLIS,

                  Plaintiff,

    v.

BNSF RAILWAY COMPANY,

                 Defendant.

NO. 2:13-CV-00040-TSZ

**AGREED**
**PRETRIAL ORDER**

## JURISDICTION

Jurisdiction is vested in this court by virtue of 49 U.S.C. § 20109(d)(3).

## CLAIMS AND DEFENSES

The plaintiff, Jeanette Wallis ("Wallis"), will pursue at trial her claim that BNSF violated the Federal Railroad Safety Act ("FRSA"), codified at 49 U.S.C. § 20109.  Specifically, Wallis contends that her engagement in certain protected activities, as defined by the FRSA, was a contributing factor in various adverse employment actions taken against her by defendant BNSF Railway Company ("BNSF"), including:

1. BNSF's assignment of 40 "risk identifier points" for suffering a work-related personal injury that was reportable to the Federal Railroad Administration ("FRA");

2. BNSF noticing an investigation for Wallis's alleged rule violations;

3. BNSF imposing a 30-day record suspension, deferred

4. Imposing a Level S "serious" violation on Wallis's personnel record; and/or

5. Other alleged adverse actions claimed in Wallis's complaint, excluding those dismissed by the Court's order on BNSF's Motion for Partial Summary Judgment (Dkt. 41).

Agreed Pretrial Order, 13-CV-40
Page 1

The defendant will pursue the following defenses:

1. Plaintiff failed to set forth a prima facie case of violation of the statute.

2. Plaintiff failed to exhaust her administrative remedies, and election-of-remedies.

3. Defendant has not violated the FRSA because its actions are excepted from being a violation of FRSA under 49 U.S.C. § 20109(c)(2).

4. Defendant has satisfied its defense under 29 C.F.R. § 1982.104(e)(4).

5. Plaintiff failed to mitigate her damages, if any.

6. Plaintiff's damages, if any, were the result of unrelated, pre-existing, or subsequent conditions unrelated to defendant's conduct.

Nothing in this agreed pretrial order shall be construed as a waiver by either party of any objection, to seek exclusion of the introduction of evidence of, or any argument against any of the above-identified claims or defenses at trial on this matter.

## ADMITTED FACTS

The following facts are admitted by the parties:

1. BNSF is a railroad carrier engaged in interstate commerce.

2. Wallis suffered a personal injury as a result of an incident that occurred at Balmer yard on November 16, 2008.

3. Ms. Duff was not injured as a result of the incident that occurred at Balmer yard on November 16, 2008.

4. Wallis orally reported her injury to BNSF officials on the day of the injury; to wit, November 16, 2008.

5. Wallis completed a personal injury report regarding the injury and faxed it to BNSF on November 17, 2008.

6. Wallis was transported by ambulance to Swedish Medical Center after she was injured on November 16, 2008.

7. On November 24, 2008, BNSF notified Wallis and Ms. Duff of an investigation under File IN-08-1293 for the purpose of ascertaining the facts and determining Ms. Wallis or Ms. Duff's responsibility in connection with the alleged failure to stop movement when

shoving into track 219 at Balmer yard resulting in an injury at approximately 10:30 a.m. on November 16, 2008. The notice contained the sentence: "In connection with this alleged violation, you are ineligible for alternative handling under Part I, Section III E of the Safety Summit Agreement."

8. On November 24, 2008, BNSF notified Wallis of an investigation under File IN-08-1294 for the purpose of ascertaining the facts and determining her responsibility, if any, in connection with her alleged conduct and alleged failure to be forthcoming with all information regarding a personal injury that occurred at Balmer yard at approximately 10:30 a.m. on November 16, 2008. The notice contained the sentence: "In connection with this alleged violation, you are ineligible for alternative handling under Part I, Section III E of the Safety Summit Agreement."

9. On November 24, 2008, BNSF notified Ms. Duff of an investigation under File IN-08-1295 for the purpose of ascertaining the facts and determining her responsibility, if any, in connection with her alleged conduct and alleged failure to be forthcoming with all information regarding a personal injury that occurred at Balmer yard resulting in an injury at approximately 10:30 a.m. on November 16, 2008. The notice contained the sentence: "In connection with this alleged violation, you are ineligible for alternative handling under Part I, Section III E of the Safety Summit Agreement."

10. BNSF's General Code of Operating Rules ("GCOR") rule 1.6 "Conduct" addresses employee conduct, stating:

> Employees must not be:
>
> 1. Careless of the safety of themselves or others;
>
> 2. Negligent;
>
> 3. Insubordinate;
>
> 4. Dishonest;
>
> 5. Immoral;
>
> 6. Quarrelsome; or
>
> 7. Discourteous.

Any act of hostility, misconduct, or willful disregard or negligence affecting the interest of the company or its employees is cause for dismissal and must be reported. Indifference to duty or to the performance of duty will not be tolerated.

11. BNSF's GCOR rule 1.2.7 "Furnishing Information" addresses an employee's responsibility to be forthcoming, stating: "Employees must not withhold information or fail to give all the facts to those authorized to receive information regarding unusual events, accidents, personal injuries, or rule violations."

12. On December 24, 2008, Wallis moved the Court for a protective order in the case *Wallis v. BNSF*, No. C08-1711JLR in the U.S. District Court for the Western District of Washington. Dkt. 12.

13. BNSF opposed Wallis's motion for protective order.

14. On January 16, 2008, the District Court for the Western District of Washington granted Wallis's motion for a protective order, *Wallis v. BNSF*, No. C08-1711JLR at Dkt. 18, ordering:

    a. BNSF may not seek information from Ms. Wallis regarding her FELA claim except through the procedures outlined in the Federal Rules of Civil Procedure;

    b. BNSF may not conduct any form of examination or interrogation of Ms. Wallis outside the presence of her attorney;

    c. BNSF may conduct its scheduled investigation, but may not have access to Ms. Wallis in doing so.

    d. BNSF may not require Ms. Wallis to appear, testify, or submit to cross-examination at an internal investigation then-scheduled for January 22, 2009, or at any time thereafter during the pendency of her FELA claim;

    e. BNSF may not terminate Ms. Wallis's employment for failure to appear at any investigation.

The order also stated "[a]lthough BNSF must comply with the Rules in connection with any investigation of Ms. Wallis and her FELA claim, it does not follow that BNSF must cease all investigation of her actions, her statements, or the facts related to the claim."

15. On April 6, 2010, the Court modified the Protective Order on the parties stipulation that the railroad "will not be in violation of [the order] when BNSF's EAP Department, Joan Costa of its BNSF MEH department, and/or BNSF supervisors directly contact and conducts interview(s) of and/or speak to plaintiff outside of the presence of her attorney for the purpose of evaluating her ability, seeking information directly related to, or to arrange, schedule, or facilitate Ms. Wallis to return to work."

16. Wallis and her attorneys were notified of a February 24, 2009 investigation hearing for File IN-08-1294 regarding Wallis's alleged conduct and alleged failure to be forthcoming.

17. On March 9, 2009, BNSF issued Wallis a Level S 30 Day Record Suspension for allegedly violating GCOR 1.6 and 1.2.7.

18. Wallis commenced this action by filing a whistleblower complaint with the Occupational Health and Safety Administration ("OSHA") on May 8, 2009. She subsequently amended the complaint with OSHA on June 22, 2009.

19. On June 3, 2010, BNSF's medical department issued a full duty release to Wallis to return to work.

20. Wallis returned to full duty work on June 4, 2010, and has continued to work for BNSF since that time.

21. On January 8, 2013, Wallis filed her Complaint in this Court pursuant to 49 U.S.C. § 20109(d)(3).

Inclusion of any fact in the above list does not constitute a waiver of any objection to admissibility of said fact. Specifically, the parties note objections to the admissibility of the

///

///

///

///

Agreed Pretrial Order, 13-CV-40
Page 5

above-enumerated facts as follows:

| Fact No. | Objection to Admissibility | Party Objecting |
|----------|---------------------------|-----------------|
| 10 | ER 402 | Pla. |
| 11 | ER 402 | Pla. |
| 13 | ER 402 | Def. |

## ISSUES OF LAW

**Wallis asserts that the following are issues of law to be determined by the Court:**

1. Whether this Court's Protective Order of January 16, 2008 in Wallis's FELA lawsuit precludes BNSF from asserting that Wallis was in violation of any rule for not being "forthcoming" in relying on the order that BNSF could only obtain information regarding her FELA case through discovery under the Federal Rules of Civil Procedure?

2. Was the railroad prohibited from disciplining Wallis under GCOR 1.6 and/or 1.2.7 by operation of 45 U.S.C. § 55?

3. All issues raised in Plaintiff's Motion *in limine* (ECF No. 56) not yet addressed by the Court.

**BNSF asserts that the following are issues of law to be determined by the Court:**

1. Was BNSF's refusal to allow Wallis to return to work exempted from being considered a violation of the FRSA under 49 U.S.C. § 20109(c)(2)?

2. Is any part of Wallis's claim for back pay, emotional damages, and alleged worsening of any chemical- or alcohol-dependency issues barred as double recovery?

3. What is the applicable standard of proof for BNSF's defense to plaintiff's claim under 49 U.S.C. § 20109(c)(2)?

4. Whether the filing of an FELA claim constitutes protected activity under 49 U.S.C. § 20109(a)?

5. ~~Whether a physician's release to return to work is "medical treatment" or~~ orders or a treatment plan" as those terms are used in 49 U.S.C. § 20109(c)(2)?

Agreed Pretrial Order, 13-CV-40
Page 6

6. Whether attorneys' fees and costs are special damages that must be proven by the plaintiff to the jury and whether plaintiff is entitled to an award of reasonable attorneys' fees and costs if she prevails on any claim?

7. All issues raised in Defendant's Motion *in limine* (Dkt. 44) not yet addressed by this Court.

### EXPERT WITNESSES

Each party shall be limited to three (3) expert witnesses on the issues of liability and/or damages.

The names and addresses of the expert witnesses to be used by each party at trial and the issue(s) upon which each will testify is:

(1) On behalf of plaintiff:

| Name & Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|
| William D. Stratford, M.D., P.C. Northwest Forensic, Inc. 2831 Fort Missoula Road, Suite 305 Missoula, MT 59804 | Damages suffered by Ms. Wallis, including but not necessarily limited to emotional distress, fear, anxiety, anger, sadness, loss of enjoyment of life, sleeplessness and other losses as described in his reports. | May testify by video conference |
| Nancy Lessin Program Coordinator United Steelworkers – Tony Mazzocchi Center (617) 320-5301 | BNSF programs specifically the points system and PEPA policies and investigation/discipline as such is used in employee reported personal injury cases. She is expected to testify that BNSF's programs, policies, investigation/discipline actions in general and in particular with regard to Ms. Wallis and Ms. Duff in this case have the effect of discouraging employees to report injuries and/or accidents to BNSF in violation of the law and that such programs, policies, investigation/discipline actions taken against Ms. Wallis as a result of her protected activity of reporting her on the job personal injury to BNSF management were discriminatory, harassing, calculated to intimidate Ms. Wallis for filing her accident report and to scare and/or intimidate her and other workers in the future. | Will testify by video conference |

Agreed Pretrial Order, 13-CV-40
Page 7

| Name & Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|
| George Gavalla<br>11 Cherry Hill Road<br>Norwich, CT<br>06360 | Will testify regarding his opinion that BNSF Management's actions/inactions, policies, procedures, practices, investigation/discipline regarding the Wallis injury investigation by BNSF and BNSF's investigation and disciplinary procedures used for Ms. Wallis were contrary to federal whistleblower laws and regulations in his opinion. | Will testify by video conference |

(2) On behalf of defendant:

| Name & Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|
| Dr. Russell Vandenbelt, M.D.<br>Bellesfield Office Park<br>11201 S.E. 8th St.,<br>Suite 105<br>Bellevue, WA 98004 | Dr. Vandenbelt is expected to testify live on the issues of plaintiff's claim for emotional damages caused by a violation of 49 U.S.C. § 20109 as described in his report concerning his review of claimant's records; his examination and interview of claimant, claimant's psychological testing and results; claimant's psychiatric history and conditions; claimant's alcohol and drug history; claimant's social history and his opinions and conclusions as stated in his report concerning claimant's various conditions and their cause(s). | May testify |

(3) The parties reserve the right to call any expert witness disclosed by the other party to

testify.

**OTHER WITNESSES**

The names and addresses of witnesses, other than experts, to be used by each party at the

time of trial and the general nature of the testimony of each are:

(a) On behalf of plaintiff:

| Name & Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|
| Jeanette Wallis<br>2311 S.W. Myrtle Street<br>Seattle, WA 98108 | Ms. Wallis will testify as to her employment relationship with BNSF the circumstances of her accident, interaction with BNSF officials regarding company investigations, notices, company/disciplinary notices and investigations, her fear, anger, emotional response to such actions, her distress, emotional psychological distress relating to being assessed a level S, deferred, discipline, her fears emotional and psychological distress regarding the BNSF points assessed, PEPA Policy with regard to her continued | Will Testify |

Agreed Pretrial Order, 13-CV-40
Page 8

| Name & Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|
| | employment and/or threat of cumulative discipline which could result in disciplinary sanctions and termination of her job for even for various rules, offenses, at the apparent discretion of BNSF management and officials which continue to cause her emotional distress. Her worry and fears that the points system being used against her in any discretionary decision by company officials affecting her employment fears that if she would miss time in the past due to flare-ups of her knee injury on the job keen injury that she could be subject to discipline and/or termination due to company policies programs listed above and the fact that she filed her PI accident report with the company. She will also testify regarding her past wages, wage rates, wage losses, and her treatment versus treatment of Sue Duff under BNSF policies and procedures. | |
| Gail Ross 3611 159th Street East Tacoma, WA 98446 | Gail Ross is a friend of Ms. Wallis and will testify about her observations of Ms. Wallis and her knowledge and understanding of Ms. Wallis's reaction to company discipline as a result of filing her accident report and her accident and her continuing stress and reactions to on-going worries about company harassment and/or retaliation at work on a continuing basis. Ms. Ross will compare her observations and knowledge of Ms. Wallis prior to this accident and discipline to continuing to this day. | May Testify |
| John Duncan Address unknown at present time | Duncan is a BNSF employee who has knowledge and personal experience with BNSF policies and procedures regarding "points" assessed against him and comments of company officials directed towards him regarding BNSF "points" used with employees who report personal injuries. He will testify about his own experience of receiving harassment and adverse action from BNSF and the chilling effect of such discipline and/or future exposure to discipline. He will testify about how various BNSF policies and program's including points, | May Testify |

| Name & Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|
| | PEPA have a chilling effect on employee injury reporting. His testimony will prove nature and extent of BNSF harassment and intimidation of employees in NW division and State of WA. | |
| Geoff Mirelowitz 4064 SW Hanford Street Seattle, WA 98116 | Mr. Mirelowitz will testify about his knowledge of Ms. Wallis's emotional, mental, psychological stress, worry, anger, pain, and suffering due to BNSF adverse actions against Ms. Wallis. He will further testify as to his own knowledge and understanding of BNSF policies and procedures adversely affecting Ms. Wallis and other BNSF employees and the effect thereof on protected activities (accident reporting) by employees. | May Testify |
| Dave Beech 9326 Claybrook Road Sedro-Woolley, WA 98284 (as of 9/23/2013) | BNSF Engineer and former union local chairman. Beech is a BNSF locomotive engineer and a past union local chairman who represented Ms. Wallis in the BNSF investigations in this matter. He will testify as to facts, personal observations and knowledge regarding BNSF company policies, procedures, rules, investigation practices and company attitudes towards employee injury cases. He has formed his opinions through his own experiences as a BNSF engineer, union local chairman interacting with BNSF management in investigations and disciplinary matters. He is anticipated to testify that in his opinion: (1) BNSF's company investigation and discipline of Ms. Wallis was improper and not based upon a full and fair investigation of all facts; (2) that BNSF's investigation of Ms. Wallis was taken to harass and/or intimidate Ms. Wallis for filing her personal injury report with BNSF; (3) that Ms. Wallis did not violate any rules of BNSF; and (4) that BNSF refused to allow him as Ms. Wallis's representative to call available witnesses such as Ms. Duff or offer other evidence at the company investigation. Beech is further anticipated to testify consistent with his deposition testimony in this case and with his comments and opinions contained in the company | Will Testify |

Agreed Pretrial Order, 13-CV-40
Page 10

| Name & Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|
| | investigation of Ms. Wallis and Ms. Duff. In his opinion, based on his own experiences and based on his observations and interactions with BNSF employees, the policies and procedures used by BNSF such as Risk Index points, PEPA, company investigations of injured workers, company bonuses to officials, company official discretionary use and abuse of assessing discipline in the Duff v. Wallis case and the Dodge v. BNSF case the effect of harassing and intimidating employees from reporting injuries to BNSF and the government.  He will rely on the company investigation transcript in this case, exhibits identified in this case, investigation exhibits, emails identified in this case as exhibits to depositions, rules, policies, procedures identified in this case in depositions of company officials and other witnesses including Ms. Duff.  He may also rely on the transcript, deposition, documents and exhibits of the Dodge v. BNSF case. These opinions are based on his education, training and experience. | |
| Dane Freshour BNSF Human Resources 3700 Globeville Road Denver, CO | Mr. Freshour is expected to testify about all policies, programs, and procedures and how they affect injured employees.  He can provide foundation for documents and explain positions that BNSF has taken throughout this as well as his own statements.  Additionally, any emails and documents he was involved in. Foundation for documents or information provided by him to OSHA and in his own deposition. | Will Testify, by deposition if not produced per agreement with defense counsel |
| Michael Weber c/o Andrea Hyatt BNSF Law Department AOB-3 2500 Lou Menk Drive Fort Worth, TX 76131 | BNSF Trainmaster who can talk about the events at the hospital as well as accident investigation and BNSF disciplinary investigation (including why Ms. Wallis was disciplined).  Additionally, any emails and documents he was involved in. He will testify consistent with his deposition and statements made in company investigation of Ms. Wallis. Foundation for documents or information provided by him to OSHA and in his own deposition. | Will Testify, by deposition if not produced per agreement with defense counsel |

| Name & Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|
| Daniel Ferguson<br>201 North 7th Street<br>Lincoln, NE 60858 | Corridor Superintendent who knows about details of BNSF's investigation of Ms. Wallis and presumably can talk about disparate treatment between Ms. Wallis and Sue Duff. He will testify about reasons Ms. Wallis was disciplined.   Additionally, any emails and documents he was involved in.  Foundation for documents or information provided by him to OSHA and in his own deposition. | Will Testify, by deposition if not produced per agreement with defense counsel |
| Stu Gordon<br>Current address<br>unknown | Assistant   Superintendent,   Terminal Superintendent who can testify about the investigation as well as policies and procedures enforced against Ms. Wallis.   . Additionally, any emails and documents he was involved in.  Foundation for documents or information provided by him to OSHA and in his own deposition. | May testify |
| Jeffrey Beck<br>BNSF Railway<br>2600 Menk Drive<br>Pod C20<br>Fort Worth, TX 76131 | Terminal Superintendent can testify about BNSF's reasons for investigating Ms. Wallis. He can testify about policies, procedures, and discipline and how it was assessed disparately against Ms. Wallis. Additionally, any emails and documents he was involved in.<br>Foundation for documents or information provided by him to OSHA and in his own deposition. | Will Testify, by deposition if not produced per agreement with defense counsel |
| Gary Filcher<br>P.O. Box 513<br>Selah, WA 98942 | Division Trainmaster who can testify about investigation and details of reasoning behind discipline. See also deposition. Additionally, any emails and documents he was involved in.<br>Foundation for documents or information provided by him to OSHA and in his own deposition. | Will Testify, by deposition if not produced per agreement with defense counsel |
| Doug Jones<br>c/o Andrea Hyatt<br>BNSF Law Department<br>AOB-3<br>2500 Lou Menk Drive<br>Fort Worth, TX 76131 | General Manager who can testify about BNSF's investigation and reasons for disciplining Ms. Wallis.  He can also testify about policies and procedures for discipline and how they have been applied in that region. Foundation for documents or information provided by him to OSHA and in his own deposition. | May Testify |
| Jeff Franzen<br>Address unknown at present time | Can testify about the events at the hospital and initial investigation.  Opinions on why discipline was imposed upon Ms. Wallis including the impact of testimony. Foundation | Will Testify, by deposition if not produced per agreement with |

Agreed Pretrial Order, 13-CV-40
Page 12

| Name & Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|
| | for documents or information provided by him to OSHA and in his own deposition. | defense counsel |
| Todd Kester 519 NE 79th Street Seattle, WA 98115 | Mr. Kester Local Chairman will testify consistent with his deposition and with regard to his negotiations with BNSF on behalf of Susan Duff on disciplinary matters including the incident involving Plaintiff.  He will also testify regarding deals and negotiations with BNSF offices for Sue Duff on discipline and discipline of Ms. Duff for incident of November 2008 and 3 subsequent incidents which could have subjected Ms. Duff to discipline | Will testify |
| Susan Duff 16321 95th Avenue Court East Puyallup, WA 98375 | Will testify about Plaintiff's accident including her admission of fault will testify about her disparate treatment in this incident and three subsequent incidents which could have resulted in a second level S.   Will further testify about her company promotion and negotiations with | Will Testify |
| Mark Schulze c/o Andrea Hyatt BNSF Law Department AOB-3 2500 Lou Menk Drive Fort Worth, TX 76131 | BNSF VP who testified before Congress via video deposition.  Can testify about warnings to BNSF about harassment, intimidation and its points system and BNSF's disregard justifying punitive damages. | Will Testify, by congressional testimony if unavailable |
| Elizabeth Jackson Current Address Unknown | Terminal Manager who can testify about her knowledge of the incident and interpretation of safety rules and procedures applicable to the accident for both Ms. Wallis and Ms. Duff. | May testify, by deposition if unavailable |
| Anthony Boldra 25168 West 105th Terrace Olathe, Kansas 66061 | Assistant Superintendent who can testify about investigation of the incident and disciplinary investigations as well as policy interpretation and rules interpretations as set forth in his deposition and emails. | Will Testify, by deposition if not produced per agreement with defense counsel |
| T. Clark Simmons Current Address Unknown | Trainmaster who can testify about policies, procedures, and rules and disciplinary consequences for Ms. Wallis, including future consequences. | Will testify by deposition |
| Andrea Smith C/O Andrea Hyatt BNSF Law Department 2500 Lou Menk Drive, | Policies and procedures as per deposition. Outlines how injuries and injury reporting and Level S can have an adverse effect on Ms. Wallis, highlighting disparate treatment | May testify by video conference or deposition if |

| Name & Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|
| AOB-3 Fort Worth, TX 76131-2828 | of Sue Duff. | unavailable |
| Dennis Kautzmann 3404 17th Court NE Olympia, WA 98506 (on information and belief) | Event recorder downloads and associated alleged rules violations by Sue Duff and other available evidence (video, audio, etc.) of Ms. Duff's wrongdoing which was not pursued. | May testify, by deposition if unavailable |

Wallis reserves the right to call any witness identified by BNSF to testify. Rebuttal witnesses, the necessity of whose testimony cannot reasonably be anticipated before trial, are not named at this time.

(b) On behalf of defendant:

| Name | Address | Nature of Expected Testimony | Trial Testimony |
|---|---|---|---|
| Jeanette Wallis | 2311 S.W. Myrtle Street, Seattle, WA 98108 | Wallis will testify concerning the incident which caused her injury; her report of injury; her intentional withholding of information and failure to provide all the facts regarding that incident; the discipline she received for failing to provide all the facts; the lack of any other unfavorable personnel action; and personal non-work issues which caused her emotional distress. | Will Testify |
| Dane Freshour | BNSF Human Resources 3700 Globeville Road Denver, CO 80216 | Mr. Freshour may testify to BNSF's anti-retaliation policies, training, and education of its workers relating to FRSA and its efforts to maintain a workplace free from retaliation. | Possible Witness Only |

Agreed Pretrial Order, 13-CV-40
Page 14

| | | | |
|---|---|---|---|
| Michael Weber | C/O Andrea Hyatt BNSF Law Department, AOB-3 2500 Lou Menk Drive Fort Worth, TX 76131-2828 | Mr. Weber will testify concerning the events surrounding complainant's report of injury; his efforts to assist the claimant with obtaining aid; complainant's intentional withholding of information and failure to provide all the facts regarding that incident; the investigation of the incident and claimant's failure to provide all the facts | Will Testify |
| Daniel Ferguson | 201 N. 7th Street Lincoln, NE 60858 | Mr. Ferguson will testify concerning the events surrounding complainant's report of injury; reporting requirements; his efforts to assist the claimant with obtaining aid; complainant's intentional withholding of information and failure to provide all the facts regarding that incident; the investigation of the incident and claimant's failure to provide all the facts | Will Testify |
| Jeffrey Beck | BNSF Railway 2600 Menk Drive Pod C20 Fort Worth, TX 76131-2830 | Mr. Beck will testify concerning the investigation of the incident; reporting requirements; and claimant's failure to provide the facts; and the decision to issue discipline for claimant's failure to provide all the facts | Will Testify |
| Doug Jones | C/O Andrea Hyatt BNSF Law Department 2500 Lou Menk Drive, AOB-3 Fort Worth, TX 76131-2828 | Mr. Jones may testify concerning the investigation of the incident and claimant's failure to provide the facts; reporting requirements; and the decision to issue discipline for claimant's failure to provide all the facts | Possible Witness Only |
| Gary Filcher | P.O. Box 513 Selah, WA 98942-0513 | Mr. Filcher may testify to the circumstances of the investigation hearing that took place regarding Ms. Wallis' alleged GCOR violations regarding her conduct and failure to be forthcoming in File IN-08-1294 on February 24, 2009 | Possible Witness Only |

Agreed Pretrial Order, 13-CV-40
Page 15

| Susan Duff | 16321 95th Ave Court East Puyallup, WA 98375 | Ms. Duff will testify concerning the incident which caused complainant's injury; the fact Ms. Duff was not injured and did not report an injury; her intentional withholding of information and failure to provide all the facts regarding that incident; her eventual acceptance of responsibility for causing the incident; and the discipline she received for failing to provide the facts | Will Testify |
| --- | --- | --- | --- |
| Anthony Boldra | 25168 West 105th Terrace Olathe, Kansas 66061 | Mr. Boldra will testify concerning the investigation of the incident and claimant's failure to provide all the facts | Will Testify |
| Andrea Smith | C/O Andrea Hyatt BNSF Law Department 2500 Lou Menk Drive, AOB-3 Fort Worth, TX 76131-2828 | Ms. Smith will testify concerning BNSF's disciplinary rules and procedures and alternative handling rules and procedures and how they were applied to claimant and Ms. Duff | Will Testify |
| Michael Whitcomb | 2000 W. Barret St., Apt. #306, Seattle, WA 98188 | Mr. Whitcomb may testify to his knowledge regarding the incident resulting in the injury to Ms. Wallis on November 16, 2008. | May testify |
| Marie Olson | 2454 Occidental Ave. S., #1-A Seattle, WA 98134 | Ms. Olson may testify to Ms. Wallis' damages claim for damages in the form of back pay and improper application of leave. | Possible Witness Only |
| Kevin Wilde | BNSF Railway 2600 Lou Menk Drive, OOB-1 Fort Worth, TX 76131 | Mr. Wilde will testify concerning BNSF's Employee Review Process ("ERP"), a tool to identify and counsel employees to improve safety and prevent injuries. Mr. Wilde will testify how ERP works, how and why points were assigned, and how it has no bearing on discipline | Will Testify |
| Joan Costa | 2454 Occidental Ave. S., #1-A Seattle, WA 98134 | Ms. Costa will testify concerning return to work issues | Will Testify |

Agreed Pretrial Order, 13-CV-40
Page 16

| Jeremiah Blond | 2120 S.W. 152nd St. Burien, WA 98166 | Mr. Blond may testify to Ms. Wallis' emotional state prior to and after the November 16, 2008 incident, social factors affecting the same, as it concerns her claim for emotional pain and suffering and causation issues | Possible Witness Only |
|---|---|---|---|

BNSF reserves the right to call any witness identified by Wallis.  BNSF further reserves the right to call additional witnesses for purposes of rebuttal.

(c) Inclusion of any witness on either of the above lists does not constitute a waiver by either party to object to and/or seek exclusion of any of the above-named witnesses.

## EXHIBITS

(a) Plaintiff's Exhibits

| EXH # | BATES | DESCRIPTION | STIP TO ADMISS | STIP TO AUTH BUT NOT ADMISS | DISPUTE TO AUTH AND ADMISS |
|---|---|---|---|---|---|
| 1 | | Locomotive videos | | | X |
| 2 | | Photographs of yard where accident occurred. (Balmer Yard) | | | X |
| 3 | BNSF-JW 00022 - 00023 | Ferguson email addressed to many individuals.  Subject: Northwest Division Employee Injury/Incident | X | | |
| 4 | | WITHDRAWN | | | |
| 5 | | WITHDRAWN | | | |
| 6 | BNSF-JW 00066 | Dennis Kautzmann email to Boldra and Beck.  Subject: JM Wallis downloads. | | X | |
| 7 | BNSF-JW 00081 | Jeff Franzen Email to Weber and Boldra.  Subject:  INJURY. | X | | |
| 8 | BNSF-JW 00095 | Joan Costa Email string with Beck, Jones, Boldra, Jackson, Anderson & Wright.  Subject: Injured Seattle Terminal employee. | X | | |
| 9 | BNSF-JW 00146 - 00148 | Jeanette Wallis' Notice of Representation Letter | X | | |

Agreed Pretrial Order, 13-CV-40
Page 17

| 10 | BNSF-JW 00057 -00059 | Anthony Boldra email attaching Duff and Weber Statements of Events | X | | |
| 11 | BNSF-JW 00263 | 11/18/08 Notes of Anthony Boldra | X | | |
| 12 | BNSF-JW 00062 | Email concerning injury conference call regarding Wallis. | | X | |
| 13 | BNSF-JW 00054 - 00056 | Dan Ferguson Email attaching Ferguson's Statement of Events | X | | |
| 14 | BNSF–JW 00088 | Beck email string 11/17/08 - 11/20/08 with Kautzmann, Dowling, Boldra, Anderson, Hein and Wright attaching downloads and data transmittals from Interbay on 11/16/08 | | X | |
| 15 | BNSF-JW 00046 | Beck email with Anderson, Boldra & Beck re Wallis Info | X | | |
| 16 | BNSF-JW 00245 | Daryl Ness, BNSF email to Douglas Jones and Jeff Beck. Subject: Wallis Incident | X | | |
| 17 | BNSF-JW 00140 - 00141 | 11/21/08 - 1/11/10 email string with Beck, Douglas Jones, Ness, Boldra, Miller, Anderson & Freshour. Subject: Wallis Incident | X | | |
| 18 | | BNSF Notice of Company Investigation | | X | |
| 19 | | Order re: Motion for Protective Order | X | | |
| 20 | BNSF-JW 00755 | Wallis' Personal Performance Summary (PPI) as of 7/20/09 | X | | |
| 21 | BNSF-JW 00973 - 00974 | BNSF Railway Employee Injury Incident Notification | | X | |
| 22 | BNSF-JW 01226 - 01227 | E-mail to Laura Aunan from Dane Freshour dated 2/10/2010 attaching UTU Safety Summit Agreement | | | X |
| 23 | BNSF-JW 01279 - 01280 | Email to Heather Miller and Beck Re: Todd Kester request for Alternative Handling for Sue Duff | | | X |

Agreed Pretrial Order, 13-CV-40
Page 18

| 24 | | Swedish Medical Center, Ballard Medical Records from Date of Accident. | | X | |
| 25 | BNSF-JW 01348 - 01349 | Millers email to Laura Aunan & T. Olsen Re: Timeline of Events. | | | X |
| 26 | BNSF-JW 01350 - 01352 | Chronology of Events from Date of Incident on 11/6/08 to Date of Last Issuance or Determination of Discipline in Relation to Incident on 11/16/08 | X | | |
| 27 | | Jen Wallis W2s for the years 2004-2008 | | X | |
| 28 | | WITHDRAWN | | | |
| 29 | BNSF-JW 01257 - 01258; BNSF-JW 00792 - 00948 | Letter of discipline and copy of company investigation with exhibits (BNSF-JW 00792-00948) | | | X |
| 30 | | WITHDRAWN | | | |
| 31 | BNSF-JW 01535-01546 | OSHA Statement – Gary Filcher - may be used for impeachment, cross examination and/or admissions of BNSF by official | | | X |
| 32 | BNSF-JW 01524-1534 & 351 | OSHA Statement – Daniel Ferguson -may be used for impeachment, cross examination and/or admissions of BNSF by official | | | X |
| 33 | BNSF-JW 01514-01523 & 348 | OSHA Statement – Anthy Boldra- may be used for impeachment, cross examination and/or admissions of BNSF by official | | | X |
| 34 | BNSF-JW 01500-01513 | OSHA Statement – Jeffrey Beck - may be used for impeachment, cross examination and/or admissions of BNSF by official | | | X |

Agreed Pretrial Order, 13-CV-40
Page 19

| | | | | | |
|---|---|---|---|---|---|
| 35 | BNSF-JW 01547-01556 | OSHA Statement – Stuart Gordon - may be used for impeachment, cross examination and/or admissions of BNSF by official | | | X |
| 36 | BNSF-JW 01557-01573 | OSHA Statement – Doug Jones -may be used for impeachment, cross examination and/or admissions of BNSF by official | | | X |
| 37 | BNSF-JW 01595-01606 & 35 | OSHA Statement – Mike Weber - may be used for impeachment, cross examination and/or admissions of BNSF by official | | | X |
| 38 | | Ex. 4 – Whistleblower Protection Program, U.S. Dept. of Labor | | | X |
| 39 | | WITHDRAWN | | | |
| 40 | | Portions of the Hearing Transcript on The Impact of Railroad Injury, Accident, and Discipline Policies on the Safety of America's Railroads | | | X |
| 41 | | Ms. Lessin's Curriculum Vitae | | X | |
| 42 | | Ms. Lessin's Fee Schedule | | X | |
| 43 | | Mr. Gavalla's Curriculum Vitae | | X | |
| 44 | | Mr. Gavalla's Fee Schedule | | X | |
| 45 | | Dr. Stratford's Curriculum Vitae | | X | |
| 46 | | Dr. Statford's List of Publications, Fee Schedule and Previous Testimony | | X | |
| 47 | | Deposition of T. Clark Simmons with Exhibits PAGE LINE - 2. 10-24, 3. 8-25, 4. 1-13, 6. 21-25, 7. 1-5; 12-25, 8. 1-8, 9. 16-19, 10. 1-7, 15.12-20, 23. 12-25, 24. 2-25, 25. 1-24, 29. 18-25, 30. 1-6; 22-25, 31. 8-10, 32. 2-6; 18-25, 33. 1-5, 38. 6-13; 21-25, 39. 1-3; 6-25, 40. 1-8, 49. 1-25, 50. 15-25, 51. 1-5; 13-16, 53. 7-10; 17; 19-20, 58. 1-3;12-21, 59. 17-21, | | | X |

| | | | | | |
|---|---|---|---|---|---|
| | | 60. 1-15; 25, 61. 1-6; 10-19; 24-25, 62. 6-14, 63. 7-8; 16-19, 65. 3-5; 14-24, 66. 4-13; 24-25, 67. 1-4; 12-25, 68. 1-25, 69. 1-25, 70. 1-20; 23-25, 71. 1-10; 14-24, 72. 8-23, 73. 11-25, 74. 1-25, 75. 1-25, 76. 1-3; 6-25, 77. 1-13; , 78. 1-20, 79. 3-10, 89. 21-25, 90. 9-25, 91. 1, 92. 21-25, 93. 1-12; 18-25, 94. 1-12; 19-22; 25, 95. 1-5 | | | |
| 48 | | Elizabeth Jackson Deposition Transcript, 5/20/2010 PAGE LINE - 4. 14-25, 5. 1-25, 6. 1-25, 7. 1-8, 13. 8-25, 68. 2-25, 69. 1-25, 70. 1-25, 71. 1-12, 72. 1-25, 73. 1-6 | | X | |
| 49 | | WITHDRAWN | | | |
| 50 | | WITHDRAWN | | | |
| 51 | | WITHDRAWN | | | |
| 52 | | WITHDRAWN | | | |
| 53 | | WITHDRAWN | | | |
| 54 | | WITHDRAWN | | | |
| 55 | | WITHDRAWN | | | |
| 56 | BNSF-JW 00972 | Authorization for Use and Disclosure of Medical health Information | | X | |
| 57 | BNSF-JW 01259 -01278 | Butterfield email to Jeffrey Beck Re: Jen Wallis | X | | |
| 58 | BNSF-JW 01239 - 01249 | Butterfield email to Jeffrey Beck Re: Susan Duff | X | | |
| 59 | BNSF-JW 00382 - 00383 | Injury Reporting Policy (in effect November 16, 1998 & revised January 2008) | X | | |
| 60 | BNSF-JW 00194 | Emails between Boldra and Filcher | | X | |
| 61 | BNSF-JW 00238 | Email string between Iverson, Filcher & Boldra | | X | |
| 62 | BNSF-JW 00076 | Boldra Email String to Filcher, Ferguson & Weber. Subject: Investigations - DO NOT FORWARD. | | X | |

Agreed Pretrial Order, 13-CV-40
Page 21

| 63 | | Certified letter to Jeanette Wallis and Susan Duff regarding Investigation scheduled for 1/22/09 having been postponed. | | X | |
|---|---|---|---|---|---|
| 64 | BNSF-JW 00099 | Dennis Wright email to Boldra attaching Wallis Incident Locomotive Printouts | | X | |
| 65 | | BNSF Event Recorder Data Table Nov 3-16, 2008 | | | X |
| 66 | | Letter to William G. Jungbauer, Esq. regarding BNSF's undated and corrected Notice regarding the Wallis Investigation. | | | X |
| 67 | BNSF-JW 01222 - 01225 | Brad Anderson, BNSF Certified letter to Susan Duff signed | | X | |
| 68 | BNSF-JW 01221 - 01225 | Freshour email to Laura Aunan Re: Susan Duff | | X | |
| 69 | BNSF-JW 01218 - 01219 | Freshour email to Laura Aunan attaching 2/23/09 letter to Ms. Wallis Re: Alternative Handling. | | X | |
| 70 | BNSF-JW 00759 - 00760 | Freshour letter to Laura Aunan Regarding Documents requested | | X | |
| 71 | BNSF-JW 01197 - 01209 | Lentini letter to Victoria Coleman attaching July 1, 2000 Policy for Employee Performance Accountability | | | X |
| 72 | BNSF-JW 01236 - 01238 | Heather Miller email to Laura Aunan Re: Additional Information Requested. | | | X |
| 73 | | 2010 Northwest Division Injury Reporting Protocol | | | X |
| 74 | BNSF-JW 00261 | Dane Freshour letter to Laura Aunan re General Code of Operation Rules for employees reporting injuries | | | X |
| 75 | BNSF-JW 00262 | Dane Freshour Submission 1.0 General Responsibilities Safety & Personal Injuries and Furnishing Accidents | | | X |

Agreed Pretrial Order, 13-CV-40
Page 22

| | | | | | | |
|---|---|---|---|---|---|---|
| 76 | BNSF-JW 00347 | 1/20/10 - 1/21/10 email string among Dane Freshour and Laura Aunan re BNSF/Wallis | | | X | |
| 77 | BNSF-JW 00255 - 00260 | Blank Employee Personal Injury/Occupational Illness Report, Non-Employee Personal Injury Data Collection Form, BNSF Report of Inspection Equipment or Facility Info Form, Report of Inspection, BNSF Report of Inspection Equipment or Facility Info Form, Report of Inspection Form | | | X | |
| 78 | | General Code of Operating Rules, Fifth Edition, Effective April 3, 2005 | X | | | |
| 79 | BNSF-JW 01381 - 01382 | Email between Freshour & Aunan concerning 2008 investigation logs | | | X | |
| 80 | BNSF-JW 00764 - 00769 | Summary of BNSF's Position sent to Aunan. | | | X | |
| 81 | BNSF-JW 01080 - 01081 | Letter from Dane Freshour to Laura Aunan regarding Wallis' Amended Complaint | | | X | |
| 82 | BNSF-JW 01092 - 01099 | Letter from Dane Freshour to Laura Aunan regarding Wallis' Amended Complaint | | | X | |
| 83 | BNSF-JW 00658 - 00660 | Dane Freshour letter enclosing documentation in response to Aunan 7/10/09 letter | | | X | |
| 84 | BNSF-JW 00656 - 00657 | Laura Aunan, OSHA letter to Dane Freshour, BNSF | | | X | |
| 85 | | WITHDRAWN | | | | |
| 86 | BNSF-JW 00252 - 00253 | Letter from Dane Freshour to Laura Aunan regarding Documents Requested | | | X | |
| 87 | | Freshour Certified letter concerning alleged eye witness to Wallis accident in 2010 | | | X | |

| | | | | | |
|---|---|---|---|---|---|
| 88 | | Beck Certified letter concerning Level S 30-day record suspension. | | | X |
| 89 | BNSF-JW 00006 | Boldra, BNSF Certified Letter to Susan Duff | | X | |
| 90 | | BNSF Financial Statements & corporate info printed from Google | | | X |
| 91 | | Medical Case Management Services Agreement – BNSF Original | | | X |
| 92 | | BNSF 2008 Compensation Program Measures (ICP) | | | X |
| 93 | BNSF-JW 00771 - 00774 | BNSF Equal Employment Opportunity Policy. | | | X |
| 94 | BNSF-JW 01210 - 01211 | BNSF Human Resources Craft Transfer Policy. | | X | |
| 95 | BNSF-JW 01085 - 01089 | Amended Whistleblower Complaint | | X | |
| 96 | | BNSF's Responses to Plaintiff's Second Requests for Production of Documents to Defendant | | | X |
| 97 | | BNSF's Answers to Plaintiff's Second Set of Interrogatories to Defendant | | | X |
| 98 | | BNSF's Answers to Plaintiff's First Request for Admissions to Defendant | | | X |
| 99 | | Transcript of Investigation held on 10/14/04 concerning Jen Wallis' 9/20/04 Accident as well as all exhibits thereto | | | X |
| 100 | BNSF-JW 01383 - 01412 | 2008 NWE (North) Investigation Logs | | | X |
| 101 | BNSF-JW 00954 - 00964 | 2008 Investigation Log | | | X |
| 102 | BNSF-JW 00385 - 00500 | 2009 NWE (North) Investigation Logs | | | X |
| 103 | BNSF000041 2 - 0000852 | 2nd Supp. Response to Request for Production No. 19 – Event Recorder Download  for the FELA Lawsuit | | | X |

| | | | | | |
|---|---|---|---|---|---|
| 104 | BNSF-JW 01346 - 01347 | Behavioral Science Technology (BST) Info Sheet Northwest Division | | X | |
| 105 | BNSF-JW 00966 - 00969 | Northwest Division Injury Reporting Protocol | | X | |
| 106 | BNSF-JW 00970 | Injury Reporting Policy Changes | | X | |
| 107 | BNSF-JW 01214 | PPI Index | | X | |
| 108 | BNSF-JW 01357 - 01362 | GN Yardmen, Uniform Investigation Rule (Discipline Investigations) | X | | |
| 109 | BNSF-JW 01212 - 01213 | Employee Review Process (ERP) | | X | |
| 110 | BNSF-JW 01066 - 01074 | Policy for Employee Performance Accountability | X | | |
| 111 | BNSF-JW 00567 - 00569 | Employee Review Process (ERP) | | X | |
| 112 | | Point System and how it works | | | X |
| 113 | | General Craft Transfer Policy | | | X |
| 114 | | Ex. 3 – Policy for Employee Performance Accountability | | | X |
| 115 | BNSF-JW 01281 | Freshour email to Aunan & Olsen attaching PEPA policy, Craft Transfer Policy, ERP, and NW Safety Action Plan | | X | |
| 116 | | TY&E Attendance System | | | X |
| 117 | BNSF-JW 00362 - 00363 | Laura Aunan email string with Dane Freshour.  Subject BNSF/Wallis | | X | |
| 118 | | Email from Dane Freshour to Laura Aunan concerning a discussion of 2008/2009 BNSF investigation log records for Wallis and Duff BNSF records incomplete | | X | |
| 119 | BNSF-JW 00761 - 00762 | Dane Freshour letter to Laura Aunan re BNSF follow up responses to November 4th telephone conversation | | | X |
| 120 | | Memorandum of Agreement Between BNSF and the UTU | | | X |

Agreed Pretrial Order, 13-CV-40
Page 25

| | | | | | |
|---|---|---|---|---|---|
| 121 | BNSF-JW 01041 - 01064 | UTU Safety Summit Agreement; Appendix B, C, D, E, F, G, H | | | X |
| 122 | BNSF-JW 01354 - 01355 | Alternative Handling: When Are Employees Eligible? | | X | |
| 123 | BNSF-JW 01312 - 01313 | BNSF Attendance Guidelines | | | X |
| 124 | BNSF-JW 01283 - 01311 | BNSF Attendance Guidelines Training Updated 6/19/08 | | | X |
| 125 | | System General Notice No.132 Re: BNSF Guidelines for TY&E Employee Attendance | | | X |
| 126 | | General Notice No. 4 Re: Revised Policy for Employee Performance Accountability | | | X |
| 127 | BNSF-JW 00283 - 00290; BNSF-JW 01228 - 01235 | Memorandum Agreement between BNSF and UTU Re: Alternative Handling | | | X |
| 128 | BNSF-JW 00076 | Boldra email discussing how to conduct investigation with an Order of Protection in place. | | X | |
| 129 | BNSF-JW 00658 - 00660 | Dane Freshour letter enclosing documentation in response to Aunan 7/10/09 letter | | X | |
| 130 | BNSF-JW 00082 - 00087 | (Jackson email with Supervisor's Report of BNSF Employee Injury/Illness | | | X |
| 131 | | Deposition transcript with exhibits of Nancy Lessin. | | | X |
| 132 | | Deposition Transcript with exhibits of George Gavalla. | | | X |
| 133 | | Deposition Transcript with exhibits of David Beech. | | X | |
| 134 | | Emergency Department Social Work Note | | X | |
| 135 | | OSHA Interview Statement - Chris Young - taken by Laura Aunan OSHA Investigator | | | X |
| 136 | BNSF-JW 00382 - 00383 | Injury Reporting Policy | X | | |

Agreed Pretrial Order, 13-CV-40
Page 26

| 137 | | BNSF On-Duty Injury Medical Status Form | | | X |
| 138 | | Todd Kester Deposition Transcript with exhibits. | | X | |
| 139 | | Deposition Transcript with video of T. Clark Simmons. Page-Line: 5. 4-6; 12. 4-9, 15-25; 13. 1-2; 21. 13-22, 24-25; 22. 1-9, 15-25; 23. 1-25; 24. 1-25; 25. 1-25; 26. 1-6; 27. 11-16, 22-25; 28. 1-25; 29. 1-25; 30. 1-12; 31. 12-25; 33. 5-17; 34. 1-2; 42. 4-14; 43. 4-25; 44. 1-14; 63. 11-18; 64. 8-25; 65. 1-17; 66. 5-25; 67. 1-17; 68. 1-23 | | | X |
| 140 | | Deposition Transcript with exhibits of Debbie Uckno Page-Line: 5. 11-16; 12. 9-14; 13. 8-12, 18-23; 14. 6-25; 15. 1-7 | | X | |

(b) Defendant's Exhibits:

| EXH # | BATES | DESCRIPTION | STIP TO ADMISS | STIP TO AUTH BUT NOT ADMISS | DISPUTE TO AUTH AND ADMISS |
|---|---|---|---|---|---|
| 501 | BNSF-JW 00059 | Susan Duff handwritten statement | X | | |
| 502 | | 2008 BNSF Northwest Division Safety Action Plan | X | | |
| 503 | | MacDonald handwritten statement | | X | |
| 504 | | Plaintiff's Answers to Defendant's Second Set of Interrogatories, 11/9/2009 | | X | |
| 505 | | Suellen James, LMHC, CEAP, BNSF Employee Assistance Program Manager letter to Wallis enclosing releases, 3/10/2010 | | X | |
| 506 | | Suellen James, LMHC, CEAP, Employee Assistance Program Manager letter to Wallis re substance abuse issues, 4/8/2010 | | X | |

| | | | | | |
|---|---|---|---|---|---|
| 507 | | Wallis medical records (96 pg) | | X | |
| 508 | BNSF-JW 00008 | Letter to Jeanette M. Wallis from Gary A. Filcher re: *investigation for failure to disclose*, 11/24/2008 | X | | |
| 509 | BNSF-JW 01619 | Duff waiver of investigation for failure to be forthcoming (signed), 2/24/2009 | X | | |
| 510 | BNSF-JW 00011 | Letter to Jeanette M. Wallis from Jeffrey D. Beck re: 30 day record suspension, 3/9/2009 | X | | |
| 511 | | Dr. Vandenbelt Curriculum Vitae | | X | |
| 512 | | Dr. Vandenbelt Testimony List | | X | |
| 513 | BNSF-JW 00002 | 11/24/2008 Letter from Filcher to Duff re: investigation for failure to disclose | X | | |
| 514 | BNSF-JW 00013 | 11/24/2009 Letter from Filcher to Duff/Wallis re: investigation for failure to stop | X | | |
| 515 | BNSF-JW 00018 | 2/23/2009 Cancelled letter from Filcher to Wallis re: investigation postponed | X | | |
| 516 | BNSF-JW 00042 | 11/26/2008 Email from Gary Larson to Anthony Boldra | X | | |
| 517 | BNSF-JW 00044 | 11/17/2008 Injury Report | X | | |
| 518 | BNSF-JW 00048 - 00052 | 11/19/2008 Email from Boldra to Beck, et al. enclosing Jungbauer no contact | X | | |
| 519 | BNSF-JW 00058 | Mike Weber statement | | X | |
| 520 | BNSF-JW 00093 | 11/21/2008 Email from Beck to Jones, et al. | X | | |
| 521 | BNSF-JW 00322-00346 | 2010 NW Division Safety Action Plan | X | | |
| 522 | BNSF-JW 00975-01016 | 2009 NW Division Safety Action Plan | X | | |
| 523 | BNSF-JW 01019-01064 | 2009 NW Division Site Safety Team Handbook | | X | |
| 524 | BNSF-JW 01618 | Duff alternative handling for 11/16/2008 incident (signed) | X | | |

Agreed Pretrial Order, 13-CV-40
Page 28

| | | | | | |
|---|---|---|---|---|---|
| 525 | | 10/15/2009 Letter from Jungbauer to Costa enclosed medical status | X | | |
| 526 | | 10/26/2009 Letter from Montgomery to Jungbauer | | X | |
| 527 | | 10/30/2009 Letter from Jungbauer to Montgomery | | X | |
| 528 | | 11/9/2009 Letter from Montgomery to Jungbauer | | X | |
| 529 | | 11/12/2009 Letter from Jungbauer to Montgomery | | X | |
| 530 | | 12/7/2009 Letter from Montgomery to Jungbauer | | X | |
| 531 | | 12/15/2009 Letter from Jungbauer to Montgomery | | X | |
| 532 | | 2/17/2011 Email from Wallis to Julie Grinde | | X | |
| 533 | | Medical and Environmental Health file | | X | |
| 534 | | Memorandum of Agreement between BNSF and Brotherhood of Locomotive Engineers re: Alternative Handling | | X | |
| 535 | | WITHDRAWN | | | |
| 536 | BNSF-JW 01652 - 01659 | Memorandum of Agreement between BNSF and United Transportation Union (signed) 2/6/2002 | | X | |
| 537 | BNSF-JW 00082 - 00087 | Jackson email with Supervisor's Report of Injury, 11/17/2008 | X | | |
| 538 | | FRA Guide for Preparing Accident/Incident Reports (2008) | | X | |
| 539 | | BNSF Policy on the Use of Alcohol and Drugs | | X | |
| 540 | | BNSF Family and Medical Leave Policy | | X | |
| 541 | | King County Superior Court Case No. 09-2-37962-9 SEA, Petition for Order for Protection, filed 12/17/2009 | | X | |

Agreed Pretrial Order, 13-CV-40
Page 29

| | | | | | |
|---|---|---|---|---|---|
| 542 | | King County Superior Court Case No. 08-2-30142-7 SEA, Petition for an Order for Protection - Harassment, filed 10/8/2008 | | X | |
| 543 | | King County Superior Court Case No. 10-3-00639-1 SEA, 09-2-37962-9 SEA, Declaration of J. Wallis, filed 2/4/2010 | | X | |
| 544 | | King County Superior Court Case No. 10-3-00639-1 SEA, Declaration of J. Wallis, Response to Temporary Parenting Plan, filed 2/4/2010 | | X | |
| 545 | | Plaintiff's Answers to Defendant's Interrogatories and Responses to Requests for Production of Documents, Case No CV-08-1711-JLR | | X | |
| 546 | | United States District Court, Western District of Washington, Case No. 2:08-CV-1711-JLR Complaint, filed 11/25/2008 | | X | |
| 547 | | United States District Court, Western District of Washington, Case No. 2:08-CV-1711-JLR Order of Dismissal, filed 8/9/2010 | | X | |
| 548 | | WITHDRAWN | | | |
| 549 | | Deposition of Debbie Uckno, taken 9/16/13 PG:LN - 7:9-8:13, 11:14-24, 17:2-23, 18:6-24, 19:21-20:3, 20:16-22:13, 22:22-23:18, 24:18-25:1, 27:4-28:3, 33:9-34:17, 35:13-36:10, 45:3-22, 49:9-50:9, 54:2-4, 54:20-24, 55:4-6 | | X | |

(c) The parties reserve the right to offer any exhibit identified by the other party.

(d) The parties reserve the right to withdraw or not offer any exhibit identified above.

///

///

Agreed Pretrial Order, 13-CV-40
Page 30

## ACTION BY THE COURT

(a) This case is scheduled for trial before a jury beginning on February 18, 2014, at 9:00 a.m.

(b) Trial briefs shall be submitted to the court on or before February 2, 2014.

(c) Jury instructions requested by either party shall be submitted to the court on or before February 2, 2014. Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before February 2, 2014.

(d) The Court's Orders entered at Dkt. 41 (Order Granting in Part and Denying in Part Defendant's Motion for Partial Summary Judgment); Dkt. 60 (Order on Defendant's Motion in Limine); and Dkt. 64 (Order on Plaintiff's Motion in Limine) are incorporated herein.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of this action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this __4__ day of _____ 2014.

United States District Judge Thomas S. Zilly

Agreed Pretrial Order, 13-CV-40
Page 31

FORM APPROVED

Dated: February 1, 2014

By: /s/ William G. Jungbauer
William G. Jungbauer, admitted *pro hac vice*
YAEGER & JUNGBAUER BARRISTERS, PLC
2550 University Avenue West, Ste. 345N
Saint Paul, MN 55114
Telephone: (651) 288-9500
Facsimile: (651) 288-0227
wgjgrp@yjblaw.com

-and-

Bradley K. Crosta. WSBA #10571
CROSTA & BATEMAN
999 3rd Avenue, Suite 2525
Seattle, WA 98104-4032
Telephone: (206) 224-0900
*Facsimile: (206) 467-8028*
bcrosta@crostabateman.com

*Attorneys for Plaintiff*

-and-

Dated February 1, 2014

By: /s/ Bryan C. Graff
James M. Shaker
Bryan C. Graff
Teruyuki S. Olsen
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
shaker@ryanlaw.com
graff@ryanlaw.com
olsen@ryanlaw.com

Agreed Pretrial Order, 13-CV-40
Page 32

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the State of Washington, the State of Minnesota, and the United States of America that on February 1, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsel for defendant:

> James M. Shaker
> Bryan C. Graff
> Teruyuki S. Olsen
> RYAN, SWANSON & CLEVELAND, PLLC
> 1201 Third Avenue, Suite 3400
> Seattle, WA 98101-3034
> Telephone: (206) 464-4224
> Facsimile: (206) 583-0359
> shaker@ryanlaw.com
> graff@ryanlaw.com
> olsen@ryanlaw.com

DATED this 1st day of February 2014, at St. Paul, Minnesota.

> /s/ William G. Jungbauer
> William G. Jungbauer
> YAEGER & JUNGBAUER BARRISTERS, PLC
> Attorneys for Plaintiff
> 2550 University Avenue West, Ste. 345N
> Saint Paul, MN 55114
> Telephone: (651) 288-9500
> Facsimile: (651) 288-0227
> wgjgrp@yjblaw.com

Agreed Pretrial Order, 13-CV-40
Certificate of Service