The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JEANETTE WALLIS,<br><br>        Plaintiff,<br><br> v.<br><br>BNSF RAILWAY COMPANY,<br><br>        Defendant. | NO. 2:13-CV-00040-TSZ<br>Judge: Thomas S. Zilly<br><br>**PLAINTIFF'S OBJECTIONS TO COURT'S PROPOSED JURY INSTRUCTIONS & PROPOSED VERDICT FORM** |

   Pursuant to the Court's February 4, 2014 order (ECF No. 80), Plaintiff Jeanette Wallis respectfully submits the following objections to the Court's proposed jury instructions and verdict form. Wallis raises no objections to the court's proposed voir dire questions.

   **Proposed Revision of Statement of Facts**: Counsel for both parties have agreed that paragraphs 6 and 18 can be eliminated.

   **Objection to Instruction No. 14:** Wallis respectfully objects to the Court's proposed Instruction No. 14. The language "You are not to take the same as proof of the matter claimed unless admitted by the opposing party…" While the rest of the sentence does correctly state that matters admitted or established by the evidence, the instruction is confusing and could be misinterpreted. Plaintiff suggests that the sentence read:

   "You are not to consider the statement of summary of claims itself as proof of any claim. Matters claimed must be either admitted by the opposing party or established by the evidence."

   **Objection to Instruction No. 15**: Wallis respectfully objects to the Court's proposed Instruction No. 15. Specifically, the instruction defines "unfavorable personnel action" as "a materially adverse action which might dissuade a reasonable worker from engaging in the

Pl's Objections to Ct's Proposed Jury Inst. & Verdict, 13-CV-40
Page 1

Yaeger & Jungbauer Barristers, PLC
2550 University Ave W. Ste. 345 N
St. Paul, MN 55114
651-288-9500

protected activity of reporting a work-related personal injury." While no citation is given for this definition, it closely resembles the definition articulated by the Supreme Court in *Burlington N. Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 548 U.S. 53 (2006). But *White* was a gender-discrimination claim brought under the anti-retaliation provision of Title VII. 126 S. Ct. at 2408-09, 548 U.S. at 56. Unlike Title VII claims, FRSA claims do not require evidence of retaliation and are not governed by Title VII or caselaw interpreting Title VII. *Araujo v. New Jersey Rail Transit Ops.* 708 F.3d 152, 158 (3rd Cir. 2013); *see also Allen v. Admin. Review Bd.*, 514 F.3d 68, 476 (5th Cir. 2008) (noting that FRSA adopts a framework "distinct from the *McDonnell Douglas* burden-shifting framework applicable to Title VII claims").

It is anticipated that the railroad may argue, as it did in the Joint Statement of Disputed Instructions (ECF No. 70), that the ARB adopted the *White* definition into FRSA jurisprudence in its decision in *Rudolph v. Nat'l R.R. Passenger Corp.*, ARB 11-037, ALJ Case No. 2009-FRS-015 (ARB Mar. 29, 2013). But a close review of that decision indicates that the ARB stopped short of specifically adopting the *White* test, rather simply noting that the ALJ below had "applied the 'materially adverse' standard for adverse action under Title VII that the ARB has adopted in determining what constitutes adverse action under employee whistleblower protection laws over which the ARB has jurisdiction." ARB 11-037 at pg. 12 (footnote omitted). But unlike other whistleblower-protection statutes, the FRSA prohibits a railroad employer from "discharge[ing], demot[ing], suspend[ing], reprimand[ing], or *in any other way* discriminat[ing]" against an employee for engaging in a protected activity. Wallis therefore posits that the FRSA adopts a broader standard for what constitutes an adverse action, and therefore respectfully argues that the Court's proposed instruction misstates the law.

**Objection to Instruction No. 17:** Wallis respectfully objects to the Court's proposed Instruction No. 17 on two grounds, both of which are related to the "in whole or in part" causation standard applicable in an FRSA claim. *See Araujo v. New Jersey Rail Transit Ops.*, 708 F.3d 152, 158 (3rd Cir. 2013) (defining FRSA contributing-factor causation standard). First, the instruction defines damages as "the amount of money that will reasonably and fairly compensate Plaintiff for any injury [the jury] find[s] was caused by Defendant." Given that the

Pl's Objections to Ct's Proposed Jury Inst. & Verdict, 13-CV-40
Page 2

Yaeger & Jungbauer Barristers, PLC
2550 University Ave W. Ste. 345 N
St. Paul, MN 55114
651-288-9500

FRSA adopts a more relaxed standard for causation than applicable in other actions, Wallis respectfully asks that the sentence be amended to read as follows: "Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused, <u>in whole or in part,</u> by Defendant." (Underlining showing additions)

Relatedly, the third paragraph of the instruction, as written, ignores the possibility that some damages may have resulted in part due to Wallis's injury, surgery, or rehabilitation, *and* in part due to the railroad's discrimination in violation of the FRSA. In the event that the jury finds that such damages exist, they would be eligible for recovery under the FRSA under the in-whole-or-in-part language. Wallis therefore proposes that the paragraph be amended to read as follows: "Plaintiff is only entitled to recover damages for pain and suffering and lost wages that resulted, <u>in whole or in part,</u> from discrimination under the FRSA. Plaintiff is not entitled to recover for any mental or emotional pain and suffering caused <u>solely</u> by Plaintiff's injury, subsequent surgery, or rehabilitation." Finally, the parties have agreed that paragraph 3 can be omitted at this time as the parties will stipulate that litigation costs, expert witness fees and reasonable attorneys fees to be awarded, if any, will be submitted to the Court only.

**Objection to Instruction No. 19:** Wallis respectfully objects to the Court's proposed Instruction No. 19. By utilizing the standard Ninth Circuit instruction on punitive damages, the proposed instruction fails to account for the specific standard for punitive damages applicable in FRSA claims. In contrast, Wallis's proposed instruction adopted the standard applicable to FRSA claims and was based in large part on the instruction given by the Federal Court in *Barati v. Metro North R.R.*, 3:10-CV001756-JBA (D. Conn. 2012), one of the first FRSA cases to be tried in the Federal Court following the 2007 amendments to the statute. Wallis therefore respectfully asks this Court to give her Proposed Instruction No. 29 from the Joint Statement of Disputed Instructions (ECF No. 70).

**Objection to Proposed Verdict Form:** Plaintiff incorporates her objection to Instruction No. 19, stated above, herein, as the Court's proposed verdict seeks to utilize the Standard Ninth Circuit standard for punitive damages in an FRSA case. The form will further need to be changed to reflect the Court's decision to have a separate argument for amount of punitive

Pl's Objections to Ct's Proposed Jury Inst. & Verdict, 13-CV-40
Page 3

Yaeger & Jungbauer Barristers, PLC
2550 University Ave W. Ste. 345 N
St. Paul, MN 55114
651-288-9500

damages only if the jury finds that BNSF conduct would allow punitive damages. The instruction must be modified into instruction(s) to be given in main trial and instruction(s) regarding amount of punitive damages and how to assess/calculate them reserved for second phase of trial if necessary. To the extent that the proposed verdict form does not ask the jury what amount, if any, of punitive damages are warranted, Wallis respectfully objects to the form as written, as it is assumed that such will be covered in subsequent instruction. Plaintiff also incorporates again its objections to instruction No. 19 previously stated to preserve such objections for the second phase instructions to be given.

///
///
///
///
///

Pl's Objections to Ct's Proposed Jury Inst. & Verdict, 13-CV-40
Page 4

Yaeger & Jungbauer Barristers, PLC
2550 University Ave W.  Ste. 345 N
St. Paul, MN  55114
651-288-9500

| | |
|---|---|
| Dated: February 12, 2014 | By: /s/ William G. Jungbauer<br>William G. Jungbauer, admitted *pro hac vice*<br>YAEGER & JUNGBAUER BARRISTERS, PLC<br>2550 University Avenue West, Ste. 345N<br>Saint Paul, MN 55114<br>Telephone: (651) 288-9500<br>Facsimile: (651) 288-0227<br>wgjgrp@yjblaw.com<br><br>-and-<br><br>Bradley K. Crosta. WSBA #10571<br>CROSTA & BATEMAN<br>999 3rd Avenue, Suite 2525<br>Seattle, WA 98104-4032<br>Telephone: (206) 224-0900<br>Facsimile: (206) 467-8028<br>bcrosta@crostabateman.com<br><br>*Attorneys for Plaintiff* |

Pl's Objections to Ct's Proposed Jury Inst. & Verdict, 13-CV-40
Page 5

Yaeger & Jungbauer Barristers, PLC
2550 University Ave W.  Ste. 345 N
St. Paul, MN  55114
651-288-9500

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the State of Washington, the State of Minnesota, and the United States of America that on February 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsel for defendant:

>James M. Shaker
>Bryan C. Graff
>Teruyuki S. Olsen
>RYAN, SWANSON & CLEVELAND, PLLC
>1201 Third Avenue, Suite 3400
>Seattle, WA 98101-3034
>Telephone: (206) 464-4224
>Facsimile: (206) 583-0359
>shaker@ryanlaw.com
>graff@ryanlaw.com
>olsen@ryanlaw.com

DATED this 12th day of February 2014, at St. Paul, Minnesota.

>/s/ William G. Jungbauer
>William G. Jungbauer
>YAEGER & JUNGBAUER BARRISTERS, PLC
>Attorneys for Plaintiff
>2550 University Avenue West, Ste. 345N
>Saint Paul, MN 55114
>Telephone: (651) 288-9500
>Facsimile: (651) 288-0227
>wgjgrp@yjblaw.com

Pl's Objections to Ct's Proposed Jury Inst. & Verdict, 13-CV-40
Certificate of Service

Yaeger & Jungbauer Barristers, PLC
2550 University Ave W.  Ste. 345 N
St. Paul, MN  55114
651-288-9500