The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JEANETTE WALLIS,<br><br>         Plaintiff,<br><br> v.<br><br>BNSF RAILWAY COMPANY,<br><br>         Defendant. | NO. 2:13-CV-00040-TSZ<br>Judge: Thomas S. Zilly<br><br>**DECLARATION OF WILLIAM G. JUNGBAUER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

I, William G. Jungbauer, declare as follows:

1. I am President and Senior Partner of the law firm of Yaeger & Jungbauer Barristers, PLC, attorneys for Plaintiff Jeanette Wallis in the above-captioned matter. I make this declaration based on my personal, first-hand knowledge and a review of the files and records herein. I am competent to testify and, if called, would repeat and affirm each and every statement herein.

2. Per the Court's April 3, 2014 Minute Order (ECF No. 129), a true and correct copy of the retainer signed by Wallis on January 12, 2011, the same day she signed the release in her underlying FELA case, is attached as <u>Exhibit A</u> hereto. According to the retainer, fees for attorneys' services were to be the higher of (1) the full amount of attorneys' fees awarded by a judge or administrative agency pursuant to 49 U.S.C. § 20109 or (2) 25% of the total amount recovered. The retainer also lists rates in effect as of that date as being $400/hour for myself, and between $225-325 for attorneys who are no longer with my firm. At the time the retainer was signed,

WGJ Declaration Supporting Pl's Fee Petition
No. 2:13-CV-00040-TSZ
Page 1

Yaeger & Jungbauer Barristers, PLC
2550 University Ave W. Ste. 345 N
St. Paul, MN 55114
651-288-9500

Attorneys Brunner, Bowman, and Brandis, all of whom had significant involvement in preparing this case for trial, had not begun their employment at my firm and are therefore not specifically listed in the retainer.

3. Attorney Bradley K. Crosta, who served as local counsel and second chair in the trial on this matter, sends monthly invoices to my office for a negotiated rate, although to the best of my knowledge no written agreement exists. In this matter, Attorney Crosta billed at a rate of $325 per hour. In considering this rate, however, it is important to note that (a) the rate was negotiated in light of the significant amount of business my office sends to Attorney Crosta, (b) these rates are not contingent but are rather owed regardless of whether the case is ultimately successful, and (c) is based on the usual understanding that Attorney Crosta will not be second-chairing a trial as he did here.

4. Attached as <u>Exhibit B</u> hereto is a true and correct copy of the Southern District of New York's attorney fee award in the matter of *Brig & Buchala v. Port Authority Trans Hudson*, No. 12-CV-5371 (S.D.N.Y. March 28, 2014). In that case, the federal court awarded attorney Marc Wietzke an hourly rate of $450, which it determined to be reasonable in light of Mr. Wietzke's ten-year experience in representing railroad employees.

5. Attached as <u>Exhibit C</u> hereto is a true and correct copy of a transcript of a proceeding in Wallis's FELA matter. During this hearing, the railroad's attorney (who admittedly is from a different firm than represented the railroad in this FRSA action) conceded that the railroad knew that my hourly rate at that time was $400 per hour. (Ex. C., pg. 13:12-13). The railroad's counsel at that time refused to answer the Court's question about rates, and as mentioned in Wallis's reply memorandum, the railroad's current counsel has made no disclosure as to what rates they are currently charging for purposes of comparison. The railroad's current firm is also not listed in the table prepared by Valeo Partners LLP submitted in support of the railroad's

WGJ Declaration Supporting Pl's Fee Petition
No. 2:13-CV-00040-TSZ
Page 2

Yaeger & Jungbauer Barristers, PLC
2550 University Ave W. Ste. 345 N
St. Paul, MN  55114
651-288-9500

opposition to Wallis's fee petition. (ECF No. 126). Since the hearing, I have personally informed both BNSF and BNSF counsel that my charged rates have increased to $600 per hour.

6. Under the Court's order regarding the railroad's motion to file an over-length brief (ECF No. 128). Wallis's reply brief is limited to 17 pages. While the document filed is seemingly over this limit, "[c]aptions, tables of contents, tables of authorities, signature blocks, and certificates of service need not be included within the page limit." LCR 7(e)(6). When the caption and signature block are removed, the brief conforms to this page limit. A true and correct copy of the brief, removing only those items excluded from the page count by LCR 7(e)(6), is attached hereto as <u>Exhibit D</u>.

I swear under penalty of perjury under the laws of the State of Washington, the State of Minnesota, and the United States of America that the foregoing is true and correct.

EXECUTED this 4th day of April 2014 at St. Paul, Minnesota

By: <u>/s/ William G. Jungbauer</u>
William G. Jungbauer, admitted *pro hac vice*
Y<small>AEGER</small> & J<small>UNGBAUER</small> B<small>ARRISTERS</small>, PLC

WGJ Declaration Supporting Pl's Fee Petition
No. 2:13-CV-00040-TSZ
Page 3

Yaeger & Jungbauer Barristers, PLC
2550 University Ave W. Ste. 345 N
St. Paul, MN  55114
651-288-9500